**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **DWAYNE A. OLIVER,**   ) | CASE NO. 4:15-cv-01574 |
| ) | 4:13-cr-00284 - 10 |
| **Plaintiff,**   ) | |
| ) | **JUDGE DAN AARON POLSTER** |
| vs.   ) | |
| ) | **MEMORANDUM OF OPINION** |
| **UNITED STATES OF AMERICA,**   ) | **AND ORDER** |
| ) | |
| **Defendant**.   ) | |

Before the Court is Petitioner Duane Allen Oliver's *pro se* Motion, under 28 U.S.C. § 2255, to Vacate, Set Aside, or Correct his Sentence **(ECF No. 1)**. For the reasons to follow, the Motion is **DENIED** and the case summarily dismissed.

**I.**

On February 20, 2014, Oliver entered a guilty plea to count 1 (conspiracy to possess with intent to distribute and distribution of cocaine) pursuant to a written plea agreement in which the parties agreed that Allen was a Career Offender. On May 8, 2014, the Court sentenced Allen to 188 months' custody, the low end of the Advisory Guideline Range. Oliver appealed his sentence, and on July 2, 2015, the Court of Appeals affirmed the district court's judgement, finding that the sentence was procedurally and substantively reasonable.

On August 7, 2015, Oliver filed a pro se motion to vacate illegal conviction and sentence pursuant to 28 U.S.C. Section 2255, alleging that his trial counsel as ineffective for (1) failing to contest the factual basis for the drug trafficking conspiracy; and (2) failing to object to the plea agreement, which constructively amended the indictment and misstated material facts regarding punishment.

**II.**

Under 28 U.S.C. § 2255, a federal district court may grant relief to a prisoner in custody under a sentence imposed by that court "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." *Id.*  To prevail on a § 2255 claim, the petitioner must show a fundamental defect in the proceedings "which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Nagi v. United States,* 90 F.3d 130, 133–34 (6th Cir. 1996) (quoting *Gall v. United States,* 21 F.3d 107, 109 (6th Cir. 1994)).

Rule 4(b) of the Rules Governing Section 2255 Proceedings requires the judge to whom the 2555 petition is assigned to promptly make a preliminary examination of the petition, records, and transcripts relating to the judgment under attack.  Rule 4(b) provides in pertinent part as follows:

> If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

> Otherwise, the judge shall order the United States Attorney to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate.

*Id.* The Court has promptly examined the § 2255 Petition, the record in the underlying criminal case, and the case law and finds that it plainly appears that Oliver is not entitled to relief in the district court for the following reasons.

### III.

Oliver first claims that his trial counsel was constitutionally ineffective for failing to contest the factual basis for the drug trafficking conspiracy. Oliver has waived any such challenge. At the change of plea hearing, Oliver acknowledged that he had read his plea agreement before signing it and initialing each page, and he specifically acknowledged the accuracy of Attachment A, which spells out in detail the factual basis for the plea. Attachment A recites that as part of the conspiracy, Oliver and others obtained illegal drugs from Terrance A. Tarver for distribution in the Youngstown, Ohio area. Attachment A further recites in detail numerous telephone conversations in which Oliver and Tarver discuss drug transactions.

Oliver next contends that his trial counsel was constitutionally ineffective for failing to object to the plea agreement, which constructively amended the indictment and misstated material facts regarding punishment. Again, Oliver has waived any such challenge. Oliver himself signed and initialed the plea agreement, which correctly recited the statute referenced in Count 1, and the fact that the United States had filed a Section 851 enhancement raising the mandatory minimum sentence to 10 years. Further, Oliver has already appealed his sentence and the Court of Appeals found that the sentence of 188 months (the low end of the Advisory Guideline Range) was procedurally and substantively reasonable.

Claims of ineffective assistance of counsel are analyzed under the standard enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984).  To prevail on a claim of ineffective assistance of counsel, the petitioner must establish two elements: (1) counsel's performance fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's deficiency, the outcome of the proceedings would have been different.  *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003) (citing *Strickland*).  A review of counsel's performance must be highly deferential and requires the courts to "indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance."  *Monzo v. Edwards*, 281 F.3d 568, 579 (6th Cir. 2002) (quoting *Strickland*, 466 U.S. at 689).

The *Strickland* standard applies to guilty pleas.  *Hill v. Lockhart*, 474 U.S. 52, 58 (1985).  In the guilty plea context, the first *Strickland* element is the same.  *Griffin*, 330 F.3d at 736-37 (citing *Hill*, 474 U.S. at 58-59).  However, the prejudice prong "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process.  In other words, in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  *Griffin*, 330 F.3d at 737 (quoting *Hill*, 474 U.S. at 58-59).

Oliver has not made any showing that his trial counsel's performance was deficient, nor has he even alleged, let alone demonstrated, that but for what he claims his counsel did not do, he would have gone to trial instead of pleading guilty.

## IV.

Accordingly, Petitioner Dwayne Allen Oliver's Motion under 28 U.S.C. § 2255 to Vacate,

Set Aside, or Correct Sentence by a Person in Federal Custody **(ECF No. 1)** is hereby **DENIED**

and the case is summarily dismissed under Rule 4(b).

**IT IS SO ORDERED.**

                                         */s/Dan Aaron Polster 8/12/15*
                                         **Dan Aaron Polster**
                                         **United States District Judge**