**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | **CASE NO.: 4:13 CR 284** |
| ) | |
| **v.** ) | **JUDGE DAN A. POLSTER** |
| ) | |
| **DWAYNE A. OLIVER,** ) | |
| ) | |
| **Defendant.** ) | **OPINION AND ORDER** |
| ) | |

Before the Court is Defendant Dwayne A. Oliver's Motion for Compassionate Release. ECF Doc. 550. For the following reasons, Oliver's Motion is **DENIED**.

**I.      Background**

Dwayne A. Oliver was indicted as one of 17 defendants on June 5, 2013, in a 57-count indictment. ECF Doc. 1. Oliver was charged with one count conspiracy to distribute and to possess with the intent to distribute a controlled substance as well as four counts of using a communication facility to facilitate a felony. *Id*. Oliver subsequently plead guilty to the one count of conspiracy to distribute and to possess with the intent to distribute cocaine. ECF Doc. 195. The Court determined Oliver to be a career offender, based on prior convictions in 1995 and 1996 for involuntary manslaughter and possession with the intent to distribute crack cocaine. ECF Doc. 314. Informed by this determination, in May 2014, Oliver was sentenced to 188 months incarceration along with 8 years of supervised release. ECF Doc. 291. Oliver is currently being held at the Federal Prison Camp ("FPC") Pensacola. ECF Doc. 550.

On November 19, 2020, Oliver petitioned the Court to appoint counsel to help him file a Motion for Compassionate Release. ECF Doc. 543. This Court appointed a Federal Public Defender, and on February 2, 2021, Oliver filed this Motion for Compassionate Release. ECF Doc.

1

550. Oliver is fifty (50) years old and has a documented medical condition of obesity. *Id*. Due to this condition combined with the ongoing COVID-19 pandemic, he asks the Court to grant compassionate release. *Id*. On February 9, 2021, the United States of America filed a response in opposition. ECF Doc. 553. Oliver filed a reply to the government's response on February 12, 2021. ECF Doc. 555.

**II.    Discussion[1]**

Compassionate release is authorized by 18 U.S.C. § 3582(c)(1). When a defendant is under 70 years old and has served less than 30 years in prison, several requirements must be met to warrant a sentence modification. § 3582(c)(1)(A). First, a court must find that "extraordinary and compelling reasons warrant such a reduction." *Id*. Second, the court must find that the reduction in sentence is warranted upon consideration of "the factors set forth in §3553(a) to the extent that they are applicable." § 3582(c)(1)(A).

**A. Extraordinary and Compelling Reasons**

Within the context of the COVID-19 pandemic, concerns of contracting the virus become an "extraordinary and compelling reason" to grant compassionate release when (1) the defendant is at high risk of having complications from COVID-19 and (2) the prison where the defendant is held has a severe COVID-19 outbreak. *See United States v. Jones,* No. 20-3701, 980 F.3d 1098, 1109 (6th Cir. Nov. 20, 2020) ("Until the Sentencing Commission updates § 1B1.13 to reflect the First Step Act, district courts have full discretion in the interim to determine whether an 'extraordinary and compelling' reason justifies compassionate release…").

---

[1] Before filing a motion for compassionate release, defendants must satisfy 18 U.S.C. §3582(c)(1)(A)(i)'s exhaustion requirement. In the case at hand, it is undisputed that Oliver fully exhausted all administrative remedies before filing his Motion with the Court. Therefore, the Court moves directly to the merits.

With regards to (1), Oliver has a documented medical condition of obesity. ECF Doc. 550. The Centers for Disease Control ("CDC") has identified two categories of medical conditions linked to the likelihood of severe outcomes from COVID-19.[2] Obesity is listed in the first category, which classifies factors definitely involving greater risk of severe illness. *Id*. When a medical condition listed in the first category is present, the government has recognized that a defendant's ability to provide self-care is substantially diminished in the environment of a correctional facility. ECF Doc. 553. Here, the government concedes that Oliver's medical condition of obesity satisfies part (1) of the "extraordinary and compelling reason" requirement for sentence reduction under 18 U.S.C. § 3582(c)(1)(a). *Id*.

However, Oliver's Motion fails on the second prong of the "extraordinary and compelling reasons" test. While 49 inmates at FCP Pensacola have tested positive for COVID-19 over the entirety of the pandemic, at present there are only 4 active cases in inmates.[3] This Court recognizes the severe risks COVID-19 poses to inmates, but simply the existence of the pandemic does not authorize the Court to release inmates when the facility in question has not been severely impacted. *See United States v. Brown*, No. 5:18 CR 111, Doc #: 48 at 3 (N.D. Ohio May 21, 2020).

**B. Other Relevant Elements**

Even if the Court were to find that Oliver established "extraordinary and compelling reasons" for compassionate release, reduction of his sentence still would not be appropriate. Compassionate release is inappropriate upon consideration of the sentencing factors in 18 U.S.C. § 3553(a). The statute lists seven factors the Court must weigh:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;

---

[2] Centers for Disease Control and Prevention, *People with Certain Medical Conditions* (Feb. 22, 2021), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.
[3] Federal Bureau of Prisons, *COVID-19 Coronavirus*, https://www.bop.gov/coronavirus/ (last accessed Feb. 25, 2021).

(2) the need for the sentence imposed;
(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range.;
(5) any pertinent policy statement;
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). When a court initially considers the § 3553(a) factors during sentencing, the court need not pen a lengthy opinion regarding 3553(a) factors. *See United States v. Jones*, 2020 U.S. App. LEXIS 36620, at *30 ("Reading the judge's compassionate release decision and the original sentencing hearing transcript together reveals that the district judge carefully considered all relevant § 3553(a) factors."). When deliberating a motion for compassionate release, the Court must decide whether to weigh the factors differently because of a change in circumstances. Generally, the factors favor release when a high-risk defendant has less than a year of his or her sentence remaining. *See Hardin*, Case No. 1:19 CR 240, 2020 U.S. Dist. LEXIS 90855, at *10.

Here, Oliver was sentenced to 188 months incarceration due, in part, to his status as a career offender. ECF Doc. 314. 188 months was the minimum sentence suggested by the career offender guidelines at the time of sentencing. ECF Doc. 195. Oliver has more than half of that over 15-year sentence remaining. *See United States v. Ruffin*, 978 F.3d 1000, 1008 (6th Cir. 2020) (noting that in deciding whether to grant a sentence reduction, the amount of time the defendant has served on his sentence encompasses several § 3553(a) sentencing factors). Furthermore, Oliver has failed to establish that he no longer poses a danger to the safety of any other person or the community. The drug trafficking offense for which Oliver plead guilty is a very serious crime, in this case involving several kilograms of cocaine. *See United States v. Relliford*, No. 20-3868, 2021 U.S. App. LEXIS 5188, at *2-3 (6th Cir. Feb. 22, 2021) (finding that a district court properly weighed the 3553(a)

4

factors, when the court considered the seriousness of the defendant's current offense and the length of time remaining on Defendant's sentence.) Given these facts, the § 3553(a) factors weigh against granting Oliver compassionate release. *See United States v. Kontrol*, 554 F.3d 1089, 1093 (6th Cir. 2009) (district courts have "broad discretion to determine what sentence will serve [§ 3553(a)'s] statutory objectives.").

### III. Conclusion

For the above reasons, Dwayne A. Oliver's Motion for Compassionate Release (ECF Doc. 550) is hereby **DENIED.**

**IT IS SO ORDERED.**

*/s/ Dan Aaron Polster March 1, 2021*
**Dan Aaron Polster**
**United States District Judge**