IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 4:13-cr-00284 |
| Plaintiff, ) | |
| ) | Judge Dan Aaron Polster |
| v. ) | |
| ) | OPINION AND ORDER |
| DWAYNE OLIVER, ) | |
| ) | |
| Defendant. ) | |

Before the Court is Defendant Dwayne Oliver's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) and U.S. Sentencing Guidelines (U.S.S.G.) § 1B1.13. ECF Doc. 596. The government opposes Oliver's motion. ECF Doc. 598. For the following reasons, the Court DENIES Oliver's motion for compassionate release.

Background and Procedural History

In June 2013, a grand jury indicted Oliver and sixteen others in a 57-count indictment related to a large-scale drug ring that distributed cocaine, marijuana, and heroin. ECF Doc. 1. Oliver was a named defendant in Counts 1, 14, 30, 38, and 54. *Id.* In February 2014, Oliver pleaded guilty (ECF Doc. 198) pursuant to a plea agreement (ECF Doc. 195) to Count 1, conspiring to possess with the intent to distribute and to distribute at least five kilograms of cocaine, fifty to 100 kilograms of marijuana, and less than 100 grams of heroin, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and (b)(1)(C) and § 846. *Id.* at PageID# 2. In May 2014, the Court sentenced Oliver to a guideline term of 188 months of confinement, eight years supervised released, and a $100 special assessment. ECF Docs. 286, 291. Oliver is 52 years-old and held at

1

Federal Correctional Institution Morgantown.  ECF Doc. 596-3, PageID# 3594.  His release date is November 1, 2024.  ECF Doc. 596-1, PageID# 3592.

Between 2014 and 2021, Oliver has unsuccessfully sought the following post-conviction relief:

1. **05/2014: Notice of Appeal to the Sixth Circuit Court of Appeals**.  ECF Doc. 297; *United States v. Oliver*, 2015 U.S. App. LEXIS 23521 (6th Cir. July 1, 2015) (affirming district court's judgement);

2. **06/2014: Motion for Reconsideration re Judgment**.  ECF Doc. 315; ECF Doc. 316 (denying motion for lack of jurisdiction);

3. **07/2015: Motion for Resentencing**.  ECF Doc. 393; ECF Doc. 394 (denying the motion);

4. **07/2015: Motion for Order to Show Cause, and Motion for Bail while awaiting results of Motion for Resentencing**.  ECF Doc. 395; ECF Non-doc. Order dated 7/21/2015 (denying the motion);

5. **07/2015: Motion for Reconsideration of Order denying Motion for Resentencing**.  ECF Doc. 397; ECF Doc. 398 (denying the motion);

6. **08/2015: Motion to dismiss judgment of conviction based on actual innocence and/or Motion for bail, while awaiting the result of pending 28 U.S.C. 2255 re Judgement**.  ECF Doc. 402; ECF Non-doc. Order dated 8/13/2015 (denying as moot Defendant's motion to dismiss);

7. **08/2015: Motion to vacate illegal conviction and sentence under 28 U.S.C. 2255**.  ECF Doc. 401; ECF Doc. 404 (denying petitioner's motion to vacate and summarily dismissing case);

8. **08/2015: Motion for Reconsideration of 2255**. ECF Doc. 409; ECF Doc. 410 (denying the motion);

9. **09/2015: Appeal to the Sixth Circuit Court of Appeals**. ECF Doc. 411; ECF Doc. 433 (Order from USCA for the Sixth Circuit denying the application for a certificate of appealability);

10. **06/2016: Motion to Vacate under 28 U.S.C. 2255**. ECF 439; ECF Doc. 442 (transferring the § 2255 motion to the Sixth Circuit);

11. **06/2016: Motion to Hold in Abeyance Pending Resolution of 28 U.S.C. 2244 Action re Motion to Vacate under 28 USC 2255**. ECF Doc. 440; ECF Doc. 442 (denying the motion); ECF Doc. 445 (Appeal Order from the USCA for the Sixth Circuit authorizing Oliver to file a second or successive 28 U.S.C. § 2255 petition and staying the matter pending the decision in *Beckles v. United States*, 580 U.S. 256 (2017));

12. **03/2017: Motion to voluntarily dismiss 28 USC 2255 Motion**. ECF Doc. 453; ECF Non-doc. Order dated 3/23/2017 (grating Oliver's motion to voluntarily dismiss Motion to vacate);

13. **03/2020: Motion for leave to file a second or successive motion to vacate to the Sixth Circuit**. Sixth Circuit ECF Doc. 1 (Case no. 20-3263); *In re Oliver*, 2020 U.S. App. LEXIS 22998 (6th Cir. July 22, 2020) (denying Oliver's motion for authorization to file a second or successive motion to vacate);

14. **02/2021: Motion for compassionate release**. ECF Doc. 550; ECF Doc. 560 (Court Opinion and Order denying Oliver's motion for compassionate release); and

15. **03/2021: Notice of Appeal to the Sixth Circuit from denial of motion for compassionate release**. ECF Doc. 561; *United States v. Oliver*, 2021 U.S. App. LEXIS 25413

3

(6th Cir. Aug. 24, 2021) (affirming the Court's denial of Oliver's motion for compassionate release).

Turning to the present motion, Oliver filed his motion for compassionate release on December 18, 2023. ECF Doc. 596. The Government filed its response in opposition on January 17, 2024. ECF Doc. 598. And Oliver filed his reply on February 8, 2024. ECF Doc. 600. Oliver asserts that extraordinary and compelling reasons exist to grant him compassionate release "under § 1B1.13(b)(6) and his § 3553(a) factors support the minor reduction being requested." ECF Doc. 596 at PageID# 3582. Specifically, Oliver argues that he is entitled to relief under § 1B1.13(b)(6) because his sentence was unusually long due an erroneous career offender classification and a change in law that produced a gross disparity between his sentence and those imposed in similar cases today. *Id.* at PageID# 3580, 3586-88. Additionally, Oliver contends that he does not pose a danger to any person or the community, and the § 3553(a) factors support his requested relief considering his rehabilitation efforts, family support, and the short period of incarceration that remains on his sentence. *Id.* at PageID# 3589-90. The government opposes Oliver's motion and argues that his circumstances do not constitute extraordinary and compelling reasons for relief nor outweigh the risk he poses to others and the community. ECF Doc. 598, PageID# 3601-02.

## Standard

Under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, a court may reduce an incarcerated person's sentence in extraordinary and compelling circumstances. *United States v. Jones*, 980 F.3d 1098, 1100 (6th Cir. 2020). An incarcerated person must satisfy the exhaustion requirements in § 3582(c)(1)(A) prior to filing. *See United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020). Before granting a sentence modification under § 3582(c)(1)(A)(i), this

4

Court must find: (1) extraordinary and compelling reasons warrant a sentence modification; and (2) the reduction is appropriate considering the 18 U.S.C. § 3553(a) sentencing factors. *United States v. Mukunda Dev Mukherjee*, No. 22-1627, 2023 U.S. App. LEXIS 10058, at *3 (6th Cir. Apr. 25, 2023) (citing *United States v. Traylor*, 16 F.4th 485, 487 (6th Cir. 2021)). Additionally, the Court considers in its analysis the newly enacted policy statement in U.S.S.G. § 1B1.13. *See United States v. Jarvis*, 999 F.3d 442, 446 (6th Cir. 2021) (noting that a court may look to § 1B1.13 for guidance when determining whether a defendant has established extraordinary and compelling reasons for release). Finally, Oliver bears the burden of proof to show he is eligible for a sentence reduction. *United States v. Young*, No. 04-cr-633, 2022 U.S. Dist. LEXIS 191942, at *2 (N.D. Ohio Oct. 20, 2022).

<u>Analysis</u>

As a threshold matter, Oliver satisfied the exhaustion requirement in § 3582(c)(1)(A). He applied for early release through the Bureau of Prison on November 7, 2023, received the warden's denial on November 27, 2023, and then filed the subject motion three weeks later. ECF Doc. 596-1. Next, Oliver concedes that his conviction in this case would qualify as a controlled substance offense. ECF Doc. 600, PageID# 3626 ("Upon further review, Mr. Oliver concedes that his drug conspiracy conviction under 21 U.S.C. § 846 would qualify as a controlled substance offense under U.S.S.G. § 4B1.2(b) after the November 2023 amendments to the guidelines."). Even so, Oliver maintains that the Court may still find that extraordinary and circumstances exist for relief under § 1B1.13(b)(6) and his § 3553(a) factors support the requested relief. *Id.* at PageID# 3628. The Court disagrees.

While Oliver has served more than ten years of his term of imprisonment, his sentence was neither unusually long nor the result of a gross disparity, as § 1B1.13(b)(6) requires. First,

5

Oliver never objected to the presentence investigation report that detailed his prior criminal history, past violent conduct, and gang affiliation.  ECF Doc. 266; ECF Doc. 314, PageID# 1851-52.  And he did not object to the Court's finding that he was a career offender or to the Court's calculated guideline range of imprisonment of 188 to 235 months.  ECF Doc. 314, PageID# 1851-52.  Second, Oliver's advisory guideline range would remain unchanged today under U.S.S.G. §4B1.1 because: 1) Oliver was over the age of eighteen years old when he committed the instant offense; (2) the instant offense to which he pleaded guilty qualifies as a controlled substance offense under the newly revised § 4B1.2(d) definition; and (3) Oliver's two prior felony convictions (1995 state convictions for involuntary manslaughter and felonious assault and 1996 federal conviction for possession with intent to distribute crack cocaine) would still be predicate offenses for career offender status.  ECF Doc. 266, PageID# 1574, 1576-77; ECF Doc. 314, PageID# 1851-52.  Third, the Court's sentence of 188 months was the minimum sentence suggested by the career offender guidelines at the time of sentencing.  ECF Doc. 314, PageID# 1852.  Therefore, Oliver's sentence was neither unusually long nor the result of a gross disparity under § 1B1.13(b)(6).

Separately, Oliver's rehabilitation efforts, family support, and the short period of time remaining on his incarceration sentence are insufficient to establish that he is not a danger to the safety of any other person or the community, under § 1B1.13(a)(2).  Moreover, these developments do not support a finding that the §3553(a) factors warrant his requested relief.  Oliver has an extensive history of drug trafficking, violent conduct that resulted in the death of a sixteen-year-old girl, and gang affiliation that elevates his risk of recidivism.  ECF Doc. 266, PageID# 1576.  Additionally, Oliver's previous twenty-year sentence was an inadequate deterrent because he began distributing drugs again either at the very end of his supervised

6

release or almost immediately after completing supervised release. ECF Doc. 314, PageID# 1869.[1] Therefore, the nature and circumstances of the offense, Oliver's history and individual characteristics, and the need to protect the public from further crimes together weigh heavily against Oliver's requested relief.

Conclusion

The Court finds that Oliver failed to identify extraordinary and compelling reasons under 18 U.S.C. § 3582(c)(1)(A) to warrant compassionate release and the §3553(a) factors weigh heavily against Oliver's requested relief. Accordingly, the Court DENIES Oliver's motion for compassionate release.

Date: February 29, 2024

*/s/ Dan Aaron Polster*
Dan Aaron Polster
United States District Judge

---

[1] At sentencing, the Court stated to Oliver:

> You unquestionably qualify as a Career Offender, and I think it is appropriate in your case. You really didn't serve the full consequences of those two very serious crimes. You did get a break on the manslaughter, and the Federal time was run concurrent with the state time, or vice versa, so you had two very serious offenses, and either at the tail end of your supervised release or almost immediately upon finishing supervised release for your last Federal drug trafficking crime, you got involved doing the same thing.

ECF Doc. 314, PageID# 1869.